# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONDRE CHISOM, | : | |
|     Petitioner, | : | |
| | : | No. 1:20-cv-124 |
| v. | : | |
| | : | (Judge Rambo) |
| BARRY SMITH, *et al.*, | : | |
|     Respondents | : | |

## **MEMORANDUM**

On January 23, 2020, *pro se* Petitioner Dondre Chisom ("Petitioner"), who is presently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI Houtzdale"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paying the requisite $5.00 filing fee. (Doc. No. 1.) Petitioner also filed a motion to assume jurisdiction, arguing that this Court should assume jurisdiction because his Post Conviction Relief Act ("PCRA") petition has been pending in the Court of Common Pleas for Dauphin County for the past (2) years. (Doc. No. 2.) The Court will review Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice and deny Petitioner's motion to assume jurisdiction.

## I. BACKGROUND

On June 19, 2017, Petitioner pled guilty to third-degree murder and prohibited possession of a firearm. *See Commonwealth v. Chisom*, Docket No. CP-22-CR-0005714-2015 (Dauphin Cty. C.C.P.).[1] That same day, Petitioner was sentenced to a minimum of twenty-five (25) years and a maximum of fifty (50) years' incarceration. *Id.* Petitioner timely filed post-sentencing motions, which the trial court denied on December 19, 2017. *Id.*

Petitioner, through attorney Joseph Sembrot, filed a PCRA petition on February 7, 2018. *Id.* The docket reflects that the PCRA court granted attorney Sembrot several extensions of time to file a supplemental PCRA petition. *Id.* On January 25, 2019, attorney Sembrot moved to withdraw as counsel for Petitioner. *Id.* That motion was granted on January 30, 2019, and attorney Gregory Mills subsequently appeared on Petitioner's behalf. *Id.* On June 5, 2019, the PCRA court granted an extension of time for Petitioner to file a supplemental PCRA petition. *Id.* The most recent docket entry reflects that on January 23, 2020, attorney Mills filed a motion to withdraw.

---

[1] A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

On January 23, 2020, Petitioner filed the instant § 2254 petition with this Court. (Doc. No. 1.) He raises the following grounds for relief:

> Ground One: Violations of his Sixth, Tenth, and Fourteenth Amendment rights resulted in an invalid, unknowing guilty plea;
>
> Ground Two: Trial counsel rendered ineffective assistance in violation of the Sixth Amendment; and
>
> Ground Three: Violations of his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights resulted in his unreasonable seizure.

(*Id.* at 5-8.) Petitioner indicates that he has raised these three (3) grounds in the PCRA petition currently pending before the PCRA court. (*Id.* at 3, 5-9.) He argues, however, that he should be permitted to proceed on his § 2254 petition because of the PCRA court's "inordinate delay" in adjudicating his PCRA petition. (*Id.* at 3, 4-6.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

3

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." *See Alston v. Diguglielmo*, No. 07-cv-2618, 2009 WL

2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

Exhaustion, however, may be excused if "there is an absence of available State corrective process[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." *See id.* at 163. Thus, "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Wojitczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). In the instant case, Petitioner suggests that the Court should allow him to proceed on his § 2254 petition because of the PCRA court's inordinate delay. (Doc. No. 1 at 5.) Within the Third Circuit, however, "[t]he thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (refusing to excuse exhaustion in the face of a 27-month delay). Here, Petitioner's PCRA proceedings have been pending for approximately two (2) years. As noted above, Petitioner has been represented by several attorneys and has been granted several extensions of time to file a supplemental PCRA petition. While this has led to some delay in Petitioner's PCRA proceedings, nothing suggests to the Court that those proceedings have stalled. Given this, the Court

5

concludes that there is an available and effective state remedy available to Petitioner and that exhaustion should not be excused at this time.

Because Petitioner's PCRA petition remains pending, the one-year statute of limitations will not bar a subsequent habeas petition. Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For purposes of the instant petition, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is also tolled for the "time during which a properly filed application for [s]tate post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." *See id.* § 2244(d)(2).

Given the status of his state proceedings, even on the strictest calculation of the limitations period, Petitioner has an opportunity to return to federal court after exhausting his state court remedies. Accordingly, the Court will dismiss the petition without prejudice to Petitioner's right to refile the petition promptly at the end of his state court proceedings should he elect to do so. *See Myers v. Warden of SCI-Albion*, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed without prejudice for

his failure to exhaust state court remedies, his motion to assume jurisdiction (Doc. No. 2) will be denied, and a COA shall not issue. An appropriate Order follows.


            <u>s/Sylvia H. Rambo</u>
            Sylvia H. Rambo
            United States District Judge